IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | BANKRUPTCY PROCEEDING |
| EDUARDO A. FLECHAS | |
| DEBTOR | CHAPTER 7 CASE NO. 13-03550-EE |
| | |
| MCF AF, LLC | |
| | |
| V. | ADVERSARY PROCEEDING NO. 17-00020-EE |
| | |
| EDUARDO A. FLECHAS | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT OF NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523**

This matter came before the Court on the joint motion of the parties, *ore tenus*, for entry of an agreed judgment of nondischargeability in this case. The Court, having been fully advised in the premises, now issues this its Findings of Fact, Conclusions of Law and Judgment, as follows:

**FINDINGS OF FACT**

1. On July 20, 2017, the United States District Court for the Southern District of Mississippi entered its Agreed Findings of Fact, Conclusions of Law and Final Judgment in favor of MCF AF, LLC ("MCF AF") in case number 3:13-cv-00621-DPJ-FKB [Ct Dkt. # 323] ("District Court Agreed Judgment"). The District Court Agreed Judgment was agreed to by 1) Debtor Eduardo A. Flechas, 2) Debtor Flechas & Associates, P.A., and 3) The Flechas Law Firm, PLLC.

1

2. The District Court Agreed Judgment held that Debtor Eduardo A. Flechas, Debtor Flechas & Associates, P.A. and The Flechas Law Firm PPLC are jointly and severally indebted to MCF AF in the principal amount of $400,000.00 plus post judgment interest at 3.5% compounded annually until paid in full. A copy of the District Court Agreed Judgment is attached hereto as Exhibit 1.

3. The District Court Agreed Judgment provides that it shall be non-dischargeable pursuant to 11 U.S.C. § 523(a) and directs the parties to whatever steps are necessary to secure a final judgment of nondischargeability in the pending bankruptcy proceedings. It further provides that the judgment debtors may not appeal this Court's finding of nondischargeability.

4. MCF AF filed this proceeding in which to allow this Court to adjudicate the nondischargeability of the District Court Agreed Judgment as to the individual debtor Eduardo A. Flechas.

5. The District Court Agreed Judgment contained the following stipulated findings of fact which this Court hereby adopts:

    a. On November 9, 2009, Eduardo A. Flechas executed an assignment agreement which assigned a portion of Flechas's attorneys' fee from a lawsuit entitled *Simon et al., vs. Texaco, Inc. et al.*, Cause No. 2007-110 filed in Jefferson County, Mississippi, ("*Simon* Case") to Bobby Moak and Danny Cupit ("Cupit/Moak Assignment").

    b. On June 23, 2010, Eduardo A. Flechas, on behalf of himself and Flechas & Associates, P.A., executed a loan agreement for a loan from Dudley Guice which Eduardo Flechas secured with a lien on all assets of Eduardo A. Flechas and the P.A. which included Flechas's attorneys' fee from the *Simon* Case ("Guice Assignment").

  c. On March 15, 2011, Eduardo A. Flechas, on behalf of Flechas & Associates, P.A., entered into a Confidential Judgment Purchase and Sale Agreement with MCF AF ("MCF AF Agreement").

  d. The MCF AF Agreement provided that the Flechas & Associates, P.A. ("Seller") sold, assigned, and transferred to MCF AF ("Buyer") $600,000 of the Flechas & Associates, P.A.'s right, title, and interest in the Proceeds of the Judgment (as defined in the MCF AF Agreement) in the *Simon* Case, if the *Simon* Case was resolved more than six months after the date of the Agreement. The Proceeds of the Judgment included Flechas's attorneys' fee from the *Simon* Case.

  e. In the MCF AF Agreement, Flechas represented that "Seller has not sold, or given anyone except Buyer, the rights to receive Proceeds from the Judgment, except as disclosed on Schedule 3. There are no liens, judgments or claims against Seller or the Lawsuit except as disclosed on Schedule 3."

  f. Schedule 3 to the MCF AF Agreement identified only Dennis Sweet, Mike Allred, and J.D. Capital as having prior claims to the Proceeds of the Judgment.

  g. Flechas did not disclose to MCF AF the Cupit/Moak Assignment before executing the MCF AF Agreement.

  h. Flechas did not disclose to MCF AF the Guice Assignment before executing the MCF AF Agreement.

  i. The *Simon* Case was resolved more than six months after the date of the MCF AF Agreement.

  j. On Tuesday, September 3, 2013, at 8:05 am, Eduardo A. Flechas made the following representation to a representative of MCF AF by email: "Howard: I will need

3

wiring instructions for MCF…including account names and addresses. It is my intention to wire funds, once received and cleared, within twenty-four (24) hours."

k.  On Thursday September 12, 2013, Chevron/Texaco wired settlement funds (the amount of which are confidential) into the Flechas Law Firm PLLC's IOLTA account for the settlement of the *Simon* Case and certain other toxic tort claims/cases against Chevron/Texaco, including the *Bell* plaintiffs referenced below.

l.  On Thursday, September 12, 2013, Eduardo A. Flechas transferred a portion of the settlement funds received from Chevron/Texaco out of the Flechas Law Firm PLLC's IOLTA account into the Flechas Law Firm PLLC's Operating Account but did not pay MCF AF. The amount transferred was enough to pay at least 80% of MCF AF's claim to the Proceeds of the Judgment.

m.  On Thursday September 12, 2013, Eduardo A. Flechas transferred another portion of the settlement funds he received from Chevron/Texaco out of the Flechas Law Firm PLLC's IOLTA account to pay third parties including an associate attorney and an investigation service but did not pay MCF. The amount transferred was sufficient to pay nearly half of MCF AF's claim to the Proceeds of the Judgment.

n.  On Thursday, September 12, 2013, Eduardo A. Flechas transferred a portion of the settlement funds received from Chevron/Texaco out of the Flechas Law Firm PLLC's Operating Account to bring his mortgage up to date but did not pay MCF AF.

o.  On Friday September 13, 2013, Eduardo A. Flechas transferred a portion of the settlement funds received from Chevron/Texaco out of the Flechas Law Firm

PLLC's Operating Account to pay third parties including his brother, his father, and a law firm that did personal legal work for Eduardo A. Flechas but did not pay MCF AF.

    p.    On Friday September 13, 2013, Eduardo A. Flechas transferred a portion of the settlement funds received from Chevron/Texaco out of the Flechas Law Firm PLLC's Operating Account to pay the Flechas Family Holdings, LLC but did not pay MCF AF. The amount transferred was enough to pay nearly two thirds of MCF AF's claim to the Proceeds of the Judgment.

    q.    On Friday September 13, 2013, at 12:38 pm, a representative of MCF AF asked Eduardo A. Flechas in writing by email to confirm whether he had received settlement funds from Chevron/Texaco.

    r.    On Friday, September 13, 2013, at 4:15 pm Eduardo A. Flechas responded "I will check. If so, we will take care of the debt on Monday morning."

    s.    On Monday, September 16, 2013, at 12:21 pm, a representative of MCF AF asked Eduardo A. Flechas in writing by email to confirm whether he had received settlement funds from Chevron/Texaco. Eduardo A. Flechas did not respond.

    t.    On Monday, September 16, 2013, Eduardo A. Flechas transferred a portion of the settlement funds received from Chevron/Texaco out of the Flechas Law Firm PLLC's Operating Account to pay himself personally and to pay other third parties including an investigator, Target, Hilton and Ammo Supply.

    u.    On Tuesday, September 17, 2013, at 1:35 pm, a representative of MCF AF asked Eduardo A. Flechas in writing by email to confirm whether he had received settlement funds from Chevron/Texaco. Eduardo A. Flechas did not respond.

    v.    On Tuesday, September 17, 2013, Eduardo A. Flechas transferred a portion of the settlement funds received from Chevron/Texaco out of the Flechas Law Firm PLLC's Operating Account to pay third parties including an attorney, his business landlord and his personal mortgage but did not pay MCF AF.

    w.    On Wednesday, September 18, 2013, at 4:41 pm, a representative of MCF AF noted in writing that Eduardo A. Flechas had not responded to any messages from MCF AF over the last three days and asked Eduardo A. Flechas to contact him.

    x.    Eduardo A. Flechas represented the following persons with toxic tort claims against Chevron/Texaco in a case styled *Vernita Bell, et al v. Texaco, Inc.*, 5:09cv192KS-MTP, in the United States District Court for the Southern District of Mississippi, Western Division ("*Bell* Case"): Vernita Bell, Kayla Alsworth, Jestina Alsworth, Patricia Felton, Katie Colenberg, Thelma Sanders, Carl Ellis, John Scott, Betty Scott, James Scott, Mary Culbert, Bertha Franklin and Levander Davis ("*Bell* Plaintiffs").

    y.    The United States District Court for the Southern District of Mississippi dismissed the claims of the *Bell* plaintiffs with prejudice in November 2011. [S.D. Miss. Case No. 5:09-cv-00192, Ct Dkt ##157,158, 167, aff'd Fifth Cir. Case No. 11-60462, Nov. 7, 2012].

    z.    In September 2013, Eduardo A. Flechas transferred a portion of the settlement funds received from Chevron/Texaco out of the Flechas Law Firm PLLC's Operating Account to the *Bell* Plaintiffs (or their representatives) but did not pay MCF AF. The amount transferred was sufficient to pay a substantial portion of MCF AF's claim to the Proceeds of the Judgment.

aa. Flechas did not pay any of the settlement funds received from Chevron/Texaco to MCF AF.

bb. When he signed the MCF AF Agreement, Eduardo A. Flechas, individually and as agent of the Flechas & Associates, P.A. and the Flechas Law Firm PLLC, knew that other parties, including but not limited to Bobby Moak, Danny Cupit, and Dudley Guice, had potential prior claims to Flechas's attorneys' fee in the *Simon* Case which were part of the Proceeds of the Judgment (as defined in the MCF AF Agreement) in the *Simon* Case. Flechas represented that no parties other than Dennis Sweet, Mike Allred and J.D. Capital LP had a prior claim to the Proceeds of the Judgment (as defined in the MCF AF Agreement) in the *Simon* Case.

cc. Eduardo A. Flechas, individually and as agent of the P.A. and the Flechas Law Firm PLLC, intended MCF AF to rely on his representations regarding prior claims described in paragraph 28 in deciding whether to enter the MCF AF Agreement. MCF AF did rely to its detriment on Flechas's representation that the only prior claims were those of Sweet, Allred, and J.D. Capital.

dd. By Thursday, September 12, 2016, Eduardo A. Flechas, individually and as agent of Flechas & Associates, P.A. and the Flechas Law Firm PLLC had received settlement funds from Chevron Texaco for the *Simon* Case and was fully aware of their receipt. On Friday, September 13, 2013, Eduardo A. Flechas, individually and as agent of Flechas & Associates, P.A. and the Flechas Law Firm PLLC , represented to MCF AF that he was unaware of the status of the receipt of the funds. For 12 days thereafter, Eduardo A. Flechas, individually and as agent of Flechas & Associates, P.A. and the Flechas Law Firm PLLC, then withheld information from MCF AF regarding Flechas's

receipt and distribution of the money. Eduardo A. Flechas, individually and as agent of Flechas & Associates, P.A. and the Flechas Law Firm PLLC, did so when, in fact, he was fully aware of the receipt of the settlement funds and was transferring a substantial portion of those settlement funds to insiders and other third parties, including Eduardo A. Flechas, his relatives, his family foundation, and the *Bell* Plaintiffs.

ee. Eduardo A. Flechas, individually and as agent of Flechas & Associates, P.A. and the Flechas Law Firm PLLC, intended for MCF to rely on his representations about his knowledge of the receipt of the settlement funds to its detriment so that MCF AF would refrain from taking the legal steps needed to stop Flechas from disbursing the settlement funds until the dispute with MCF AF was resolved. MCF AF relied on Flechas's representations to its detriment for several days while Flechas disbursed the funds. Flechas did not pay any of the amounts owed under the MCF AF Agreement.

## Conclusion of Law

6. In light of the Court's findings of facts set forth above, this Court concludes that, as a matter of law, the District Court Agreed Judgment in case No. 3:13-cv-00621-DPJ-FKB (in the principal amount of $400,000.00 plus post judgment interest at 3.5% compounded annually until paid in full) is non-dischargeable as to debtor Eduardo A. Flechas pursuant to 11 U.S.C. § 523(a).

## Judgment

Having adopted the findings of fact listed set forth above, having reached the conclusion of law set forth above, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

1. The District Court Agreed Judgment in case No. 3:13-cv-00621-DPJ-FKB (in the principal amount of $400,000.00 plus post judgment interest at 3.5% compounded annually until paid in full) is nondischargeable as against debtor Eduardo A. Flechas pursuant to 11 U.S.C. § 523(a).

2. This judgment of nondischargeability fully and finally disposes of all claims asserted, or that could have been asserted, by and between MCF AF and Eduardo A. Flechas in this adversary proceeding. The Court shall retain jurisdiction over any issues which may arise in the enforcement of this judgment of nondischargeability.

SO ORDERED AND ADJUDGED, this the 16th day of November 2017.

_____
UNITED STATES BANKRUPTCY JUDGE

Submitted By:

/s/ Stephanie M. Rippee
William F. Ray (MSB No. 4654)
Stephanie M. Rippee (MSB No. 8998)
Jim F. Spencer (MSB No. 7736)

*Counsel for MCF AF, LLC*

9

Case 3:13-cv-00621-DPJ-FKB  Document 323  Filed 07/20/17  Page 1 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 20 2017
J T NOBLIN CLERK
BY _____ DEPUTY

MCF AF, LLC, *et al.*      PLAINTIFFS

V.      CIVIL ACTION NO. 3:13-CV-00621-DPJ-FKB

CONSOLIDATED WITH

CIVIL ACTION NO. 3:13CV636CWR-FKB

EDUARDO A. FLECHAS, *et al.*      DEFENDANTS

---

### AGREED FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT IN FAVOR OF MCF AF LLC

---

This cause came before the Court upon the *ore tenus* agreed motion of plaintiff MCF AF LLC ("MCF AF") and upon the stipulation of defendants Eduardo A. Flechas, Flechas & Associates, P.A. and the Flechas Law Firm, PLLC (collectively "Flechas") as to the following findings of fact and conclusions of law and resulting agreed judgment:

#### Findings of Fact

1. On November 9, 2009, Eduardo A. Flechas executed an assignment agreement which assigned a portion of Flechas's attorneys' fee from a lawsuit entitled *Simon et al., vs. Texaco, Inc. et al.*, Cause No. 2007-110 filed in Jefferson County, Mississippi, ("*Simon* Case") to Bobby Moak and Danny Cupit ("Cupit/Moak Assignment").

2. On June 23, 2010, Eduardo A. Flechas, on behalf of himself and Flechas & Associates, P.A., executed a loan agreement for a loan from Dudley Guice which Eduardo Flechas secured with a lien on all assets of Eduardo A. Flechas and the P.A. which included

EXHIBIT 1

Flechas's attorneys' fee from the *Simon* Case ("Guice Assignment").

3. On March 15, 2011, Eduardo A. Flechas, on behalf of Flechas & Associates, P.A., entered into a Confidential Judgment Purchase and Sale Agreement with MCF AF ("MCF AF Agreement").

4. The MCF AF Agreement provided that the Flechas & Associates, P.A. ("Seller") sold, assigned, and transferred to MCF AF ("Buyer") $600,000 of the Flechas & Associates, P.A.'s right, title, and interest in the Proceeds of the Judgment (as defined in the MCF AF Agreement) in the *Simon* Case, if the *Simon* Case was resolved more than six months after the date of the Agreement. The Proceeds of the Judgment included Flechas's attorneys' fee from the *Simon* Case.

5. In the MCF AF Agreement, Flechas represented that "Seller has not sold, or given anyone except Buyer, the rights to receive Proceeds from the Judgment, except as disclosed on Schedule 3. There are no liens, judgments or claims against Seller or the Lawsuit except as disclosed on Schedule 3."

6. Schedule 3 to the MCF AF Agreement identified only Dennis Sweet, Mike Allred, and J.D. Capital as having prior claims to the Proceeds of the Judgment.

7. Flechas did not disclose to MCF AF the Cupit/Moak Assignment before executing the MCF AF Agreement.

8. Flechas did not disclose to MCF AF the Guice Assignment before executing the MCF AF Agreement.

9. The *Simon* Case was resolved more than six months after the date of the MCF AF Agreement.

10. On Tuesday, September 3, 2013, at 8:05 am, Eduardo A. Flechas made the

following representation to a representative of MCF AF by email: "Howard: I will need wiring instructions for MCF...including account names and addresses. It is my intention to wire funds, once received and cleared, within twenty-four (24) hours."

11. On Thursday September 12, 2013, Chevron/Texaco wired settlement funds (the amount of which are confidential) into the Flechas Law Firm PLLC's IOLTA account for the settlement of the *Simon* Case and certain other toxic tort claims/cases against Chevron/Texaco, including the *Bell* plaintiffs referenced below.

12. On Thursday, September 12, 2013, Eduardo A. Flechas transferred a portion of the settlement funds received from Chevron/Texaco out of the Flechas Law Firm PLLC's IOLTA account into the Flechas Law Firm PLLC's Operating Account but did not pay MCF AF. The amount transferred was enough to pay at least 80% of MCF AF's claim to the Proceeds of the Judgment.

13. On Thursday September 12, 2013, Eduardo A. Flechas transferred another portion of the settlement funds he received from Chevron/Texaco out of the Flechas Law Firm PLLC's IOLTA account to pay third parties including an associate attorney and an investigation service but did not pay MCF. The amount transferred was sufficient to pay nearly half of MCF AF's claim to the Proceeds of the Judgment.

14. On Thursday, September 12, 2013, Eduardo A. Flechas transferred a portion of the settlement funds received from Chevron/Texaco out of the Flechas Law Firm PLLC's Operating Account to bring his mortgage up to date but did not pay MCF AF.

15. On Friday September 13, 2013, Eduardo A. Flechas transferred a portion of the settlement funds received from Chevron/Texaco out of the Flechas Law Firm PLLC's Operating Account to pay third parties including his brother, his father, and a law firm that did personal

legal work for Eduardo A. Flechas but did not pay MCF AF.

16. On Friday September 13, 2013, Eduardo A. Flechas transferred a portion of the settlement funds received from Chevron/Texaco out of the Flechas Law Firm PLLC's Operating Account to pay the Flechas Family Holdings, LLC but did not pay MCF AF. The amount transferred was enough to pay nearly two thirds of MCF AF's claim to the Proceeds of the Judgment.

17. On Friday September 13, 2013, at 12:38 pm, a representative of MCF AF asked Eduardo A. Flechas in writing by email to confirm whether he had received settlement funds from Chevron/Texaco.

18. On Friday, September 13, 2013, at 4:15 pm Eduardo A. Flechas responded "I will check. If so, we will take care of the debt on Monday morning."

19. On Monday, September 16, 2013, at 12:21 pm, a representative of MCF AF asked Eduardo A. Flechas in writing by email to confirm whether he had received settlement funds from Chevron/Texaco. Eduardo A. Flechas did not respond.

20. On Monday, September 16, 2013, Eduardo A. Flechas transferred a portion of the settlement funds received from Chevron/Texaco out of the Flechas Law Firm PLLC's Operating Account to pay himself personally and to pay other third parties including an investigator, Target, Hilton and Ammo Supply.

21. On Tuesday, September 17, 2013, at 1:35 pm, a representative of MCF AF asked Eduardo A. Flechas in writing by email to confirm whether he had received settlement funds from Chevron/Texaco. Eduardo A. Flechas did not respond.

22. On Tuesday, September 17, 2013, Eduardo A. Flechas transferred a portion of the settlement funds received from Chevron/Texaco out of the Flechas Law Firm PLLC's Operating

Account to pay third parties including an attorney, his business landlord and his personal mortgage but did not pay MCF AF.

23. On Wednesday, September 18, 2013, at 4:41 pm, a representative of MCF AF noted in writing that Eduardo A. Flechas had not responded to any messages from MCF AF over the last three days and asked Eduardo A. Flechas to contact him.

24. Eduardo A. Flechas represented the following persons with toxic tort claims against Chevron/Texaco in a case styled *Vernita Bell, et al v. Texaco, Inc.*, 5:09cv192KS-MTP, in the United States District Court for the Southern District of Mississippi, Western Division ("*Bell* Case"): Vernita Bell, Kayla Alsworth, Jestina Alsworth, Patricia Felton, Katie Colenberg, Thelma Sanders, Carl Ellis, John Scott, Betty Scott, James Scott, Mary Culbert, Bertha Franklin and Levander Davis ("*Bell* Plaintiffs").

25. The United States District Court for the Southern District of Mississippi dismissed the claims of the *Bell* plaintiffs with prejudice in November 2011. [S.D. Miss. Case No. 5:09-cv-00192, Ct Dkt ##157,158, 167, aff'd Fifth Cir. Case No. 11-60462, Nov. 7, 2012].

26. In September 2013, Eduardo A. Flechas transferred a portion of the settlement funds received from Chevron/Texaco out of the Flechas Law Firm PLLC's Operating Account to the *Bell* Plaintiffs (or their representatives) but did not pay MCF AF. The amount transferred was sufficient to pay a substantial portion of MCF AF's claim to the Proceeds of the Judgment.

27. Flechas did not pay any of the settlement funds received from Chevron/Texaco to MCF AF.

28. When he signed the MCF AF Agreement, Eduardo A. Flechas, individually and as agent of the Flechas & Associates, P.A. and the Flechas Law Firm PLLC, knew that other parties, including but not limited to Bobby Moak, Danny Cupit, and Dudley Guice, had potential

5

prior claims to Flechas's attorneys' fee in the *Simon* Case which were part of the Proceeds of the Judgment (as defined in the MCF AF Agreement) in the *Simon* Case. Flechas represented that no parties other than Dennis Sweet, Mike Allred and J.D. Capital LP had a prior claim to the Proceeds of the Judgment (as defined in the MCF AF Agreement) in the *Simon* Case.

29. Eduardo A. Flechas, individually and as agent of the P.A. and the Flechas Law Firm PLLC, intended MCF AF to rely on his representations regarding prior claims described in paragraph 28 in deciding whether to enter the MCF AF Agreement. MCF AF did rely to its detriment on Flechas's representation that the only prior claims were those of Sweet, Allred, and J.D. Capital.

30. By Thursday, September 12, 2016, Eduardo A. Flechas, individually and as agent of Flechas & Associates, P.A. and the Flechas Law Firm PLLC had received settlement funds from Chevron Texaco for the *Simon* Case and was fully aware of their receipt. On Friday, September 13, 2013, Eduardo A. Flechas, individually and as agent of Flechas & Associates, P.A. and the Flechas Law Firm PLLC, represented to MCF AF that he was unaware of the status of the receipt of the funds. For 12 days thereafter, Eduardo A. Flechas, individually and as agent of Flechas & Associates, P.A. and the Flechas Law Firm PLLC, then withheld information from MCF AF regarding Flechas's receipt and distribution of the money. Eduardo A. Flechas, individually and as agent of Flechas & Assocaites, P.A. and the Flechas Law Firm PLLC, did so when, in fact, he was fully aware of the receipt of the settlement funds and was transferring a substantial portion of those settlement funds to insiders and other third parties, including Eduardo A. Flechas, his relatives, his family foundation, and the *Bell* Plaintiffs.

31. Eduardo A. Flechas, individually and as agent of Flechas & Associates, P.A. and the Flechas Law Firm PLLC, intended for MCF to rely on his representations about his

knowledge of the receipt of the settlement funds to its detriment so that MCF AF would refrain from taking the legal steps needed to stop Flechas from disbursing the settlement funds until the dispute with MCF AF was resolved. MCF AF relied on Flechas's representations to its detriment for several days while Flechas disbursed the funds. Flechas did not pay any of the amounts owed under the MCF AF Agreement.

## Conclusions of Law

32. Under the circumstances described above, this judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a).

## Judgment

Having considered the stipulated findings of fact and conclusions of law set forth above, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

1. Plaintiff MCF AF LLC shall recover from Eduardo A. Flechas, Flechas & Associates, P.A. and the Flechas Law Firm, PLLC, jointly and severally, the amount of $400,000. Interest shall accrue at 3.5% per annum from the date of entry of the judgment, compounded annually.

2. This Agreed Judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a). The parties shall take whatever steps are necessary to secure a final judgment of non-dischargeability in the pending Flechas bankruptcy proceedings which Flechas shall not appeal.

3. This Agreed Judgment fully and finally disposes of all claims made, or that could have been made, between MCF AF and Flechas in this civil action. The Court shall retain jurisdiction over any issues which may arise in the enforcement of this Agreed Judgment.

SO ORDERED AND ADJUDGED, this the 20TH day of July 2017.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

/s/ Stephanie M. Rippee
_____
William F. Ray (MSB No. 4654)
Stephanie M. Rippee (MSB No. 8998)
*Counsel for MCF AF, LLC*

/s/ James D. Bell
_____
James D. Bell (MSB No. 02333)
P. Caleb Koonce (MSB No. 103859)
*Counsel for Eduardo A. Flechas, Flechas & Associates, P.A., and The Flechas Law Firm, PLLC*